1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9      **NORTHERN DISTRICT OF CALIFORNIA**
10
11
12  UNITED STATES OF AMERICA,            Case No. 19-cr-0192 EJD (NC)
13              Plaintiff,
14       v.                              **DETENTION ORDER**
15  DOMINIC THOMPSON,                    Hearing: 8/28/2024
16              Defendant.
17
18
19
20        In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on August 28, 2024, held a hearing to determine detention or release on supervisory conditions for defendant Thompson. Thompson is charged in this case with violating the terms of his supervised release. The defendant appeared at the hearing with AFPD Dejan Gantar, with all parties and counsel (AUSA Sarah Griswold) appearing personally before the Court. U.S. Probation Officer Anthony Cardenas was present and argued in favor of detaining the defendant based on his record of violations during supervision. Thompson, through his counsel, argued for release to reside with his parents in Gilroy. His parents were present and had not yet been interviewed by Probation.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community. Here, Thompson did not establish evidence to overcome this burden. On the present record (principally, a recent record of violations while on supervision), the Court concludes that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community. Consequently, the Court orders the defendant Thompson to be detained. The factors that establish risk of non-appearance and dangerousness: (1) weight and seriousness of the evidence in the new charges; (2) criminal record; (3) performance while on supervision; and (4) unverified surety or custodian. A further status hearing is scheduled before the duty magistrate judge on Sept. 4, 2024 at 1:00 p.m. in San Jose. Probation is asked to further assess two factors that could bear on release: (1) proposed custodian/sureties and their residence in Gilroy; and (2) the status of the state court case against Thompson and whether active state probation will mitigate the risks of non-appearance and danger.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 28, 2024

_____
Nathanael M. Cousins
United States Magistrate Judge